Form: ICB-12001-01 rev. 01

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Isabel C. Balboa
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977



Order Filed on October 6, 2017
by Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

Michelle D. Easley

Debtor(s)

Case No.:   17-26225 (JNP)

Hearing Date:   10/04/2017

Judge:   Jerrold N. Poslusny Jr.

# ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through four(4) is hereby

**ORDERED**.

**DATED: October 6, 2017**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Debtor: Michelle D. Easley
Case No.: 17-26225 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 08/10/2017, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Isabel C. Balboa, the sum of $610.00 **for a period of 58 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together with $1,216.00 paid to date.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee of $3,499.00. The unpaid balance of the allowed fee in the amount of $3,199.00 plus costs of $0.00 shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

Debtor: Michelle D. Easley
Case No.: 17-26225 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have five days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the debtor(s), debtor(s)' attorney and any other party filing a Notice of Appearance.

**ORDERED** that the debtor's Motion to Avoid Liens under 11 U.S.C. § 522(f) be and is hereby granted. The following liens that impair the debtor's exemptions shall be avoided upon completion of the debtor's plan:

   Midland Funding & TD Bank liens to be avoided

**ORDERED** that the debtor's modification of claim of the following secured creditor, as may have been agreed to between the parties, be and hereby is granted and any remaining portion of the claim shall be treated as an unsecured claim in the plan:

   Toyota Motor Credit cramdown to $22,371.62

Page 4 of 4
Debtor: Michelle D. Easley
Case No.: 17-26225 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that the debtor consents to pay secured claims as filed, with reservation of rights to challenge the claims.

**ORDERED** as follows:

total plan length of 60 months.