# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell K. Alexander\**
*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

November 4, 2019

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      **RE:**    **Chapter 13 Bankruptcy**
                **Case No. 17-26225 (JNP)**
                **Debtor(s) Name: Michelle D. Easley**

Dear Judge Poslusny:

      Please accept this letter in lieu of a more formal response to Debtor's Motion to Obtain Approval to Purchase Property returnable Tuesday, November 19, 2019, at 10:00 a.m.

      Debtor comes before the Court on a Motion to Obtain Approval to Purchase Property with her sister for property located at 125 Ciseley Drive, Sicklerville, New Jersey. The purchase price is $222,990.00, with an anticipated monthly payment of $1,923.00, divided evenly between Debtor and her sister.

      Debtor filed her Chapter 13 Petition on August 10, 2017. Schedule A lists property located at 44 Victoria Manor, Sicklerville, New Jersey owned by Debtor, jointly with her sister. On October 12, 2017, a proof of claim was filed by Midfirst Bank in the amount of $10,192.11, with arrears of $76.29. On April 5, 2019, the Trustee disbursed funds to Midfirst Bank. On May 15, 2019, the funds were returned with a letter indicating that Midfirst Bank has been paid in full. Debtor currently resides at 44 Victoria Manor Court, Sicklerville, New Jersey. Debtor states in her motion that she plans to sell or rent the property.

      Debtor states in her certification in support of her motion that whether she sells or rents her current residence will not affect her plan. On the contrary, it is the Trustee's position that regardless of whether the present residence is sold or rented, there has been a change of circumstances requiring a modified plan and amended Schedules.

      If the Court denies the motion, the Trustee would recommend that, at a minimum, an amended Schedule J and modified plan be filed because Debtor's certification has disclosed that the mortgage to Midland Mortgage has been paid off. Therefore, the $1,043.00 mortgage payment on Schedule J should be deleted and, all things being equal, the net income on Schedule J would increase to $1,651.00.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

P.O. Box 1978
Memphis, TN 38101-1978

Honorable Jerrold N. Poslusny, Jr.
Case No. 17-26225 (JNP)
November 4, 2019

    If the Court grants the motion, it is the Trustee's position that Schedule I should be amended to include the $961.50 contribution from Debtor's sister, as referenced in Debtor's certification. Schedule J should also be amended to reflect the new mortgage payment.

    Furthermore, if Debtor elects to rent her current property, Schedule I should be amended to disclose the rental income. In that event, the Trustee would also request a copy of the lease(s) and proof of homeowner's insurance on the tenant-occupied property. Alternatively, in the event Debtor chooses to sell the current residence, the Trustee would request a copy of the listing agreement and Debtor is reminded that a motion to approve the realtor and the sale would be required.

    Finally, if the debtor retains the current residence but it remains unoccupied, the Trustee would expect to object to any expenses associated with the property (e.g. taxes, utilities, insurance and maintenance) as an unnecessary burden on the estate. Debtor's representation that the property will be sold or rented suggests that Debtor intends to move to the new property. If that does not occur, the Trustee would have additional objections to the motion.

    The Trustee respectfully requests that Debtor's proposed form of order be amended to include provisions for the amended Schedules and modified plan to be filed with twenty (20) days of the order.

    As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

*/s/ Raymond H. Shockley, Jr.*
Raymond H. Shockley, Jr.
Staff Attorney

RHS/kt
cc:    Joseph J. Rogers, Esquire (Via CM/ECF and e-mail)
       Michelle D. Easley (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**